# Exhibit A



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

RXT / ALL
Transmittal Number: 15231087
Date Processed: 06/06/2016

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Cassandra Struble<br>Rebecca Lewis<br>Kevin Jones |
| **Entity:** | Nationwide General Insurance Company<br>Entity ID Number  3286564 |
| **Entity Served:** | Nationwide General Insurance Company |
| **Title of Action:** | Sam Maida vs. Nationwide General Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fort Bend County District Court, Texas |
| **Case/Reference No:** | 16-DCV-232475 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 06/06/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Barton Law Firm<br>713-227-4747 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

SERVICE FEE NOT COLLECTED BY DISTRICT CLERK

THE STATE OF TEXAS

CITATION

TO: NATIONWIDE GENERAL INSURANCE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX 78701

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **May 18, 2016,** a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 301 Jackson, Richmond, Texas 77469, or by bringing it to the office. Our street address is 1422 Eugene Heimann Circle, Richmond, Texas 77469. We are located on the first floor of the Courthouse building.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed **on May 18, 2016.** It bears cause number **16-DCV-232475** and is styled:

**SAM MAIDA V. NATIONWIDE GENERAL INSURANCE COMPANY AND PAUL RHINES**

The name and address of the attorney for **PLAINTIFF** is:

**DANIEL PATRICK BARTON
BARTON LAW FIRM
1201 SHEPHERD DRIVE
HOUSTON TX 77007
713-227-4747**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 19th day of May, 2016.**

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
Deputy District Clerk LESLIE MELGAR
Telephone: (281) 341-3787

SERVICE

16-DCV-232475                                    400th Judicial District Court
Sam Maida v. Nationwide General Insurance Company and Paul Rhines

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock _____M.

Executed at _____, within the County of ___

_____, at _____o'clock ____M* on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
              (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

Filed
5/18/2016 12:08:28 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Marissa Merlos



CAUSE NO. **16-DCV-232475**

| | | |
|---|---|---|
| SAM MAIDA | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| NATIONWIDE GENERAL INSURANCE | § | Fort Bend County - 400th Judicial District Court |
| COMPANY AND PAUL RHINES | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sam Maida, hereinafter referred to as Plaintiff, complaining of Nationwide General Insurance Company ("Nationwide") and Paul Rhines ("Rhines") (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.  Plaintiff is a resident of Fort Bend County, Texas.

3.  Defendant Nationwide is a foreign insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its attorney for service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.  Defendant Paul Rhines is an individual residing in Fort Bend County, Texas and may be served with process at the following address: 4926 Ballentine St., Shawnee, Kansas 66203-1688.

## JURISDICTION

5.  Plaintiff stipulates that the damages in this matter are between $200,000 and $1,000,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

6.  The court has jurisdiction over Defendant Nationwide because this Defendant is an insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

7.  The court has jurisdiction over Defendant Rhines because this Defendant engages in the business of adjusting insurance claim in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

8.  Venue is proper in Fort Bend County, Texas, because the insured property is situated in Fort Bend County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## FACTS

9.  Plaintiff is the owner of a Texas Homeowners' insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant Nationwide. Plaintiff owns the insured property, which is specifically located at 7824 Silent Forest Dr., Sugar Land, Texas 77479-6500 (hereinafter referred to as "the Property").

10. Defendant Nationwide sold the Policy insuring the Property to Plaintiff.

11. On or about January 8, 2016, Plaintiff experienced a storm event which caused damage to the Property and constituted a covered loss under the Policy issued by Defendant Nationwide. Plaintiff subsequently opened claim and Defendant Nationwide assigned Defendant Rhines to adjust the claim. Defendant Nationwide wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the loss.

12. Defendant Rhines made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Specifically, Defendant Rhines knowingly and intentionally overlooked damage at the property and used his own inadequate and biased investigation as the basis for erroneously concluding that replacement of Plaintiff's roof was due to manufacturing deficiencies, mechanical damage and/or normal weathering rather than the physical damage caused by the storm, thus limiting Plaintiff's recovery cost for the replacement of Plaintiff's roof. As a result of Defendant Rhines's conduct, Plaintiff's claim was underpaid.

13. Defendant Nationwide failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policies in effect during Plaintiff's loss. Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiff. Defendant Nationwide's conduct constitutes a breach of the insurance contract between Defendant Nationwide and Plaintiff.

14. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

15. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

16. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

17. Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

18. Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's loss on the Property. Defendants' conduct constitutes a

violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

19. Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claim. TEX.INS.CODE §542.055.

20. Defendant Nationwide failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claim. TEX.INS.CODE §542.056.

21. Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant Nationwide has delayed full payment of Plaintiff's claim longer than allowed and, to date Plaintiff has not yet received full payment for her claim. Defendant Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claim. TEX.INS.CODE §541.058.

22. From and after the time Plaintiff's claim was presented to Defendant Nationwide, the liability of Defendant Nationwide to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Nationwide has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing.

23. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

24. As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing them with respect to these causes of action.

25. Plaintiff's experience regarding her claim with Defendant Nationwide is not an isolated case. The acts and omissions Defendant Nationwide committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant Nationwide with regard to handling these types of claim. Defendant Nationwide's entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of their policyholders.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT RHINES

### TEXAS INSURANCE CODE VIOLATIONS

26. Defendant Rhines's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

27. Defendant Rhines is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Defendant Nationwide, because individually, he meets the definition of a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance

counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

28. Defendant Rhines's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

29. Defendant Rhines's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

30. The unfair settlement practice of Defendant Rhines as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

31. Defendant Rhines's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

32. Defendant Rhines's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

### FRAUD

33. Defendant Rhines is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendant Rhines knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, which constitutes common law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT NATIONWIDE

36. Defendant Nationwide is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

37. Defendant Nationwide's conduct constitutes a breach of the insurance contract made between Defendant Nationwide and Plaintiff.

38. Defendant Nationwide's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Nationwide insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39. Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

40. Defendant Nationwide's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

41. Defendant Nationwide's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

42. Defendant Nationwide's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

43. Defendant Nationwide's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

44. Defendant Nationwide's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIM

45. Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claim. All violations made under this article are made actionable by TEX.INS.CODE §542.060.

46. Defendant Nationwide's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claim and a violation of the TEX.INS.CODE §541.055.

47. Defendant Nationwide's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim within the applicable time constraints and a violation of the TEX.INS.CODE §541.056.

48. Defendant Nationwide's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX.INS.CODE §541.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49. Defendant Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

50. Defendant Nationwide's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Nationwide knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## FRAUD

51. Defendant Nationwide is liable to Plaintiff for common law fraud.

52. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Nationwide knew were false or made recklessly without any knowledge of their truth as a positive assertion.

53. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, which constitutes common law fraud.

## KNOWLEDGE

54. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

55. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

56. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney fees.

57. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times her actual damages. TEX.INS.CODE §541.152.

58. For noncompliance with Texas Insurance Code, Prompt Payment of Claim, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum of the amount of her claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

59. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

60. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

61. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

62. Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Fort Bend County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

BARTON LAW FIRM

By: /s/ *Daniel P. Barton*
    DANIEL P. BARTON
    State Bar No.: 00789774
    WAYNE D. COLLINS
    State Bar No.: 00796384
    1201 Shepherd Drive
    Houston, Texas 77007
    (713) 227-4747- Telephone
    (713) 621-5900- Telecopier
    dbarton@bartonlawgroup.com
    wcollins@bartonlawgroup.com

    **ATTORNEYS FOR PLAINTIFF**

**Proactive Legal Solutions**
440 Benmar Drive, Suite 1290
Houston, Tx 77060



7016 0910 0000 2276 2472



$7.36 0
US POSTAGE
FIRST-CLASS
062S0007579052
77060

Nationwide General Insurance Company
211 East 7th Street, #620
Austin, Tx. 78701